Roy R. Romer State Treasurer State Capitol Denver, CO 80203
Dear Mr. Romer:
This office has received a letter dated April 4, 1979 from Dick R. Murphy, Director of Treasury Operations, which requests an opinion concerning practices of the Treasury Department which have been questioned in the pre-release copy of the state auditor's report on the Treasury Department for the fiscal year 1978 (the "audit report"). This letter is written in response to that request. Inquiries which are not answered in this letter are the subject of other correspondence.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general opinion presents four questions:
1. Were interest payments made by the treasury department to the Auraria Higher Education Center lawful?
 My conclusion, under the facts presented here, is "yes."
2. Were interest payments made by the treasury department to the Industries for the Blind lawful?
 My opinion must be reserved until more information becomes available.
3. Were interest payments made by the treasury department to the Health Department Uranium Tailings Fund lawful?
My conclusion is "yes."
4. If these interest payments were not lawful, must they now be repaid to the state treasury?
 In light of the above opinions, it is not necessary to consider this question.
ANALYSIS
In preparing this response I have considered the relevant comments made in the pre-release copy of the audit report. In addition, certain facts are noted which reflect information presented to this office. If these facts are not correct, my opinion may be altered.
1. INTEREST PAYMENTS.
The audit report states that in fiscal year 1978 the treasurer made payments of interest to three accounts: (1) Auraria Higher Education Center, (2) Industries for the Blind, and (3) Health Department Uranium Tailings. The audit report asks what statutory authority exists for those payments. You now inquire whether these interest payments were lawful and, if not, whether interest should now be repaid to the state treasury.
A general statutory rule requires that all interest derived from the investment of state monies, "shall be credited to the general fund unless otherwise expressly provided by law." C.R.S. 1973,24-36-114. Consequently, each account must be examined to determine whether the general rule applies to interest attributable to that account.
1. Auraria Higher Education Center — The board of directors of the Auraria Higher Education Center ("Auraria") has issued bonds to finance construction of student center facilities. Payments of principal and interest to the bondholders are made from student fees and income derived from the facilities financed by the bonds. Such monies, and proceeds from the sale of bonds not immediately required to satisfy obligations under the bond resolution, have been deposited with the treasurer for investment. It is my understanding that the interest payments made to Auraria in fiscal year 1978 reflect earnings attributable to such funds on deposit with the treasurer and that interest was used to meet obligations of the bond resolution.
The Auraria board of directors is given broad authority by C.R.S. 1973, 23-70-107 and 108 to borrow money to build student center facilities and execute bonds as evidence of debt. The board of directors is expressly authorized to pledge special student fees and "net income derived or to be derived from such land or facilities so constructed, acquired, and equipped" as security for payment of the bonds together with interest provided for in the bonds. C.R.S. 1973, 23-70-108(1).
As a general rule, all statutory provisions are to be liberally construed "in order that the true intent and meaning of the general assembly may be fully carried out." C.R.S. 1973, 2-4-212. The obvious legislative intent in authorizing the Auraria board to borrow monies to finance student center facilities is to provide for such projects to be entirely self-financed, thereby obviating the need to appropriate construction funds for projects capable of paying for themselves. That purpose would be frustrated if interest earned on fees, income, or on bond proceeds deposited with the treasurer were paid to the general fund rather than being applied to satisfy bond obligations. The result would be to increase the amount of money required to be raised by a bond issue.
It is my opinion that the treasurer properly paid interest to Auraria on deposited monies which were received in connection with the issuance of bonds to finance the construction of student center facilities. It is therefore not necessary to consider whether the treasurer may require the repayment of interest improperly paid.
2. INDUSTRIES FOR THE BLIND — This office has requested additional information concerning the circumstances in which interest was paid to the Industries for the Blind. Therefore an opinion will be reserved until that information has been received and reviewed.
3. HEALTH DEPARTMENT URANIUM TAILINGS — The investment of a fund established pursuant to article 11 of title 25, C.R.S. 1973 for radioactive control, and the payment of accrued interest to that fund, were considered in a letter dated April 13, 1978 from Alan H. Friedman, first assistant attorney general, to Albert J. Hazle, director, Radioactive and Hazardous Wastes Control, Colorado Department of Health. Mr. Friedman concluded that the treasurer could properly pay interest to that fund, rather than to the general fund. If the interest referred to in the audit report represents interest paid to this perpetual or long-term care fund discussed by Mr. Friedman, then it is my opinion that the interest was properly credited to that fund. A copy of Mr. Friedman's letter is attached and incorporated by reference in this opinion.
SUMMARY
To briefly summarize my opinion, the interest payments in question, made by the treasury department to the Auraria Higher Education Center and to the Health Department Uranium Tailings Fund, were lawful. My opinion concerning payments made to the Industries for the Blind must be reserved until more information becomes available.
If you have additional questions about this matter please don't hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE PUBLIC FUNDS INTEREST
C.R.S. 1973, 24-36-114
LEGISLATIVE BRANCH Auditor, Office of State TREASURY, DEPT. OF All Other Areas HIGHER EDUCATION, DEPT. OF Auraria Campus HEALTH, DEPT. OF
Interest earned on the investment of moneys received from student center facility bonds and moneys in the Uranium Tailings Fund could properly be paid to the accounts of the Auraria Higher Education Center and the Health Department rather than being paid to the state general fund.